UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| TYRONE NOEL NUNN, | Case No. 2:24-cv-01315-GMN-MDC |
|---|---|
| Plaintiff | ORDER |
| v. | (ECF No. 1) |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants | |

I. **DISCUSSION**

On July 19, 2024, pro se plaintiff Tyrone Noel Nunn, an inmate in the custody of the Nevada Department of Corrections, submitted an application to proceed *in forma pauperis* in state district court. (ECF No. 1). In order to proceed in this Court, Plaintiff must either pay the $405 filing fee or file an application to proceed *in forma pauperis* on this Court's approved form.

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. Special R. 1-1. For an inmate to apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. Special R. 1-2. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments.

1 | *See* 28 U.S.C. § 1915(b).

2 |     The Court will grant Plaintiff an opportunity to file a fully complete application to proceed *in forma pauperis* containing all three of the required documents, or in the alternative, pay the full $405 filing fee for this action on or before **October 7, 2024**.

    Furthermore, Plaintiff did not file a complaint.  Plaintiff filed a document that appears to state that it is a petition pursuant to 28 U.S.C. § 1915A, which requires courts to screening complaints filed by incarcerated individuals.  (ECF No. 1-1 at 1).  Plaintiff also filed a document titled "Affidavit of Criminal Intent" and a document titled "Motion for Attorney General."  (ECF Nos. 1-1 at 2, 1-2 at 1).

    "A civil action is commenced by filing a complaint with the court."  Fed. R. Civ. P. 3.  Generally, a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8.  "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this Court or must be legible and contain substantially all the information called for by the court's form."  Nev. Loc. R. LSR 2-1.  And the complaint must be signed personally by the unrepresented party.  Fed. R. Civ. P. 11(a).  Furthermore, a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  *Id.*

    It is not clear whether Plaintiff intended any of the filed documents to constitute a complaint.  None of the documents are titled as a complaint.  Nor do any of the documents include a short and plaint statement of Plaintiff's claim.  The documents are not filed on this Court's approved form, and they do not include substantially all the information requested in this Court's form.  Accordingly, the Court does not accept any of the filed documents as an operative complaint in this case.  The Court gives Plaintiff until **October 7, 2024,** to file a complete complaint that complies with the rules of civil procedure, as well as this Court's local rules.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff will submit a complete complaint to this Court on or before **October 7, 2024**.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same. The Clerk of the Court will also send Plaintiff a copy of his initiating documents (ECF Nos. 1-1, 1-2).

It is further ordered that Plaintiff's application to proceed *in forma pauperis* in state court (ECF No. 1) is **DENIED**.

It is further ordered that on or before **October 7, 2024**, Plaintiff will either pay the full $405 filing fee or file a fully complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that the Clerk of the Court will send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complaint and a complete application to proceed *in forma pauperis* or pay the required filing fee.

DATED THIS 7th day of August 2024.

_____
UNITED STATES MAGISTRATE JUDGE